McGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHERWANA LYNN MARCUS,<br><br>　　　　　　　　Defendant. | CASE NO. 2:19-CR-00095-TLN<br><br>STIPULATION AND PROTECTIVE ORDER |

## I.　　**STIPULATION**

1.　　Plaintiff United States of America, by and through its counsel of record, and defendant Sherwana Lynn Marcus ("defendant"), by and through her counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses, and third parties.

2.　　On May 30, 2019, the Grand Jury returned an indictment charging the defendant with thirty-six counts of wire fraud in violation of 18 U.S.C. § 1343.

3.　　The United States is in possession of documents related to the charges against the defendant and seeks to provide those documents to counsel for the defendant. The United States intends to produce to the Defense Team, as defined below, materials containing personal identifying information

("PII") and other confidential information of real persons, including, among other things, personal names, addresses, Social Security numbers, birth dates, driver license numbers, credit card numbers, bank account numbers, health information, criminal history, and sensitive information about minors. These real persons are victims, witnesses, or third parties to this case.

4. The purpose of the Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing PII and other confidential information. If this information is disclosed without protective measures, it will risk the privacy and security of the people to whom the information relates. The information could itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing statutory and ethical obligations to protect victims.

5. Due to the nature of the charges and the alleged conduct in this case, PII and other confidential information make up a significant part of the discovery materials and such information itself, in many instances, has evidentiary value. The documentary evidence contains a very large quantity of privacy-protected information that will be difficult or time-consuming to redact. Further, if the government were to attempt to redact all of this information, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and could inhibit prompt and just resolution of the case or preparation for trial.

6. Accordingly, the parties jointly request a Protective Order that will permit the United States to produce discovery that is unredacted but preserves the privacy and security of victims, witnesses, and third parties. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the Defense Team to understand the evidence against the defendants.

7. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

8. This Order pertains to all materials (hereafter, "Protected Materials") designated as covered by the Protective Order, either on the records themselves or in the accompanying discovery

letter, because they contain PII (as defined below) or other confidential third-party information (collectively, "Protected Information").

9. For purposes of the Protective Order, the term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1). The term "other confidential information" includes other personal and sensitive information, including but not limited to health information and criminal history.

10. The government will designate discovery materials as belonging in one of three categories. Category 1 materials are not covered by the protective order. Category 2 materials are Protected Materials covered by the protective order because they contain PII. Materials in Category 2 may be provided to the defendant in redacted form as provided in paragraph 18. Category 3 materials are Protected Materials covered by the protective order because they contain PII and other confidential information, including medical records, mental health information, domestic violence, criminal history, and sensitive information about minor children, that is too pervasive and varied for redaction to be feasible. Materials in Category 3 may not be provided to the defendant.

11. To the extent that notes are made that memorialize, in whole or in part, the Protected Information in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.** **Defense Team**

12. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

13. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) licensed investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates

of the defendant.

14. Defense Counsel must provide copy of this Order to all members of the Defense Team and must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

### C. Disclosure of Protected Materials

15. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant herself.

16. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and prepare for pre-trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

17. Defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and her Defense Counsel shall ensure that defendant is never left alone with any Protected Information. Defendant may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time. Defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials. Defendant may not take any Protected Materials out of the room in which she is meeting with the Defense Team. Defendant may not write down or memorialize any PII or other confidential information contained in the Protected Materials. At the conclusion of any meeting with defendant, the member of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not she is incarcerated, except as provided below in Paragraphs 18 and 29.

18. Defense Counsel may provide a copy of the Protected Materials in Category 2 to the

defendant provided that *all* Protected Information contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 25. If Defense Counsel provides a redacted copy to defendant subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that all PII and other confidential information from the Category 2 Protected Materials has been redacted prior to disclosure in compliance with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

19. Defense counsel may not provide a copy of the Protected Materials in Category 3 to the defendant. The PII and other confidential information in the Category 3 materials is too pervasive and varied for redaction to be feasible.

20. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the requirements of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

21. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

22. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist or comply with such demands as it may deem appropriate.

D. **Ensuring Security of Protected Materials**

23. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

24. To the extent that Protected Materials, or any copies or reproductions thereof, are stored

electronically, the Protected Materials will be stored on a password-protected and encrypted storage medium or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

25. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

26. In the event that a party needs to file Protected Materials containing PII or other confidential information of victims, witnesses, or third parties with the Court, or disclose Protected Information in court filings, the filing should be made under seal or with all PII, as defined in Paragraph 9, and other confidential information, redacted. The party seeking to file such information shall make all reasonable attempts to avoid the divulging of PII and other confidential information.

### F. Conclusion of Prosecution

27. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

28. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, or, if Defense Counsel seeks to maintain the Protected Materials in the Defense Team's files beyond final disposition of the case, seek modification of this provision from the Court. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

29. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Category 2 Protected Materials to the defendant provided that Defense Counsel ensures that *all* Protected Information contained in the

Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 25. If Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII and other confidential information from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court. Defense counsel may not provide a copy of Category 3 Protected Materials to the defendant.

### G. Termination or Substitution of Counsel

30. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraphs 27 to 29 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution

### H. Modification of Order.

31. Nothing in this Order shall prevent any party from seeking modification of the Order or from objecting to discovery it otherwise believes to be improper. Defense counsel has alerted the government that it may choose to make a motion to the Court seeking that the Court require the government to provide a redacted copy of the Category 2 Protected Materials, in addition to the unredacted discovery. Nothing in this Order shall prevent any part from seeking a more restrictive protective order with regard to particular discovery items.

### I. Notice That Violation of Order Could Result In Sanctions

32. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**J.  Application of Laws**

33. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

34. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated:  August 8, 2019						McGREGOR W. SCOTT
								United States Attorney

								/s/ MIRIAM R. HINMAN
								MIRIAM R. HINMAN
								Assistant United States Attorney

Dated:  August 8, 2019						/s/ HANNAH LABAREE
								HANNAH LABAREE
								Counsel for Defendant
								Sherwana Lynn Marcus

IT IS SO FOUND AND ORDERED.

Dated:  August 9, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE