1  MCGREGOR W. SCOTT
   United States Attorney
2  MIRIAM R. HINMAN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0095 TLN |
|---|---|
| Plaintiff, | ORDER REGARDING DISCOVERY OF SUBSTANCE ABUSE TREATMENT RECORDS PROTECTED BY 42 U.S.C. § 290DD-2 |
| v. | |
| SHERWANA LYNN MARCUS, | |
| Defendant. | |

The Court has considered the United States' Motion for Order Regarding Discovery of Substance Abuse Treatment Records Protected by 42 U.S.C. § 290dd-2, and for good cause shown, the Court finds and orders as follows:

1. This Order applies to the approximately 1,200 pages of records that the United States has identified as being related to substance abuse treatment. The covered documents are referred to as "the records."

2. The United States shall maintain the records and not disclose them to the defense until further order of the Court. However, the United States is directed to take another look at documents bate-stamped numbers 0446; 0462-0465; 0695-0696; 0749; and 0763 to confirm that those documents are related to substance abuse treatment and therefore should not be produced to defense at this time.

3. The United States shall provide defense counsel with a list of victims and potential witnesses for whom the government possesses a program participant file from Nonprofit Organization 1,

regardless of whether the records include substance treatment records.

4. The defense team shall use the produced list of names or information derived from it only for purpose of the above-captioned case. The list of names or information derived from it may not be disclosed to any person other than the defense team. The defense team refers to the defendant's counsel in the above-captioned matter, the defendant, licensed investigators assisting defense counsel, retained experts or potential experts, and paralegals or support staff assisting defense counsel on this case.

5. After a date has been set for a trial or an evidentiary hearing, defense counsel may apply to the Court for authorization to inspect potentially impeaching records for witnesses that the government intends to call.

6. The United States shall notify Nonprofit Organization 1 and victims or witnesses whose substance abuse records have been disclosed to the United States about this Order and their right to apply to the Court to amend or revoke the Order. The United States shall provide this notification by mail to individuals' last known address. This notification shall take place as soon as reasonably practicable after the issuance of this Order.

7. Good cause exists for this Order under both Fed. R. Crim. P. 16 and 42 U.S.C. § 290dd-2(b)(2)(C). The public interest and need for disclosure of the list of names outweigh the potential injury to the patient, to the physician-patient relationship, and to the treatment services, as provided in 42 U.S.C. § 290dd-2(b)(2)(C). The sensitivity of treatment records, the requirements of 42 U.S.C. § 290dd-2, and the lack of immediate need to inspect these records constitute good cause to defer discovery of the records under Fed. R. Crim. P. 16(d)(1).

Dated: August 30, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE