| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | MIRIAM R. HINMAN<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHERWANA LYNN MARCUS,<br><br>Defendant. | CASE NO. 2:19-CR-0095 TLN<br><br>ORDER SEALING DOCUMENTS AS SET FORTH IN GOVERNMENT'S NOTICE |

Pursuant to Local Rule 141(b) and based upon the representations contained in the government's Request to Seal, IT IS HEREBY ORDERED that the following documents pertaining to defendant Sherwana Lynn Marcus shall be SEALED until further order of this Court: (1) the government's Proposed Order Regarding Disclosure of Attorney Communications in Discovery; (2) the Court's signed Order Regarding Disclosure of Attorney Communications in Discovery; (3) the Certificate of Service for the government's service upon Nonprofit Organization 1 of the Motion Regarding Disclosure of Attorney Communications in Discovery and the Proposed Order; (4) the Certificate of Service for the government's service upon Nonprofit Organization 1 of the signed Order; and (5) the Request to Seal Documents.

It is further ordered that access to the sealed documents shall be limited to the government and counsel for the defendant, except that the government may provide copies to Nonprofit Organization 1.

The Court has considered the standards set forth in *Press-Enterprise Co. v. Superior Court*, 464

U.S. 501, 510 (1985), and the factors set forth in *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in the government's request, sealing the government's motion serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by the government would be harmed. In light of the public filing of the government's Motion Regarding Disclosure of Attorney Communications and the public version of the Proposed Order that omits the name of Nonprofit Organization 1, the Court further finds that there are no additional alternatives to sealing the above-listed documents that would adequately protect the compelling interests identified by the government.

Dated: November 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE