1   McGREGOR W. SCOTT
    United States Attorney
2   MIRIAM R. HINMAN
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916) 554-2700
    Facsimile: (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8                   IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                 CASE NO. 2:19-CR-00095 TLN

12                        Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                              TIME PERIODS UNDER SPEEDY TRIAL ACT;
13             v.                             FINDINGS AND ORDER

14  SHERWANA LYNN MARCUS,                     DATE: December 3, 2020
                                              TIME: 9:30 a.m.
15                        Defendant.          COURT: Hon. Troy L. Nunley

16

17         This case is set for a status conference on December 3, 2020. On April 17, 2020, this Court

18  issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled

19  to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date

20  after June 1. On May 13, 2020, this Court issued General Order 618, which extends the restrictions of

21  General Order 617 and allows district judges to continue criminal matters until further notice. These

22  and previous General Orders were entered to address public health concerns related to COVID-19.

23         Although the General Orders address the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26  *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

27  exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.*

28  at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

2  or in writing").

3     Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

4  and inexcusable— General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

5  justice continuances are excludable only if "the judge granted such continuance on the basis of his

6  findings that the ends of justice served by taking such action outweigh the best interest of the public and

7  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

8  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

9  the ends of justice served by the granting of such continuance outweigh the best interests of the public

10 and the defendant in a speedy trial."  *Id.*

11    The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

12 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

13 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

14 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

15 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

16 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

17 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

18 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

19 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20    In light of the societal context created by the foregoing, this Court should consider the following

21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

22 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

23 for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

24 pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on December 3, 2020, and time was excluded through that date.

2.      By this stipulation, defendant now moves to continue the status conference until January 28, 2020, at 9:30 a.m., and to exclude time between December 3, 2020, and January 28, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      On August 23, 2019, the government produced over 13,000 pages of discovery to defense counsel, after entry of the parties' stipulated protective order on August 9, 2019. Between September 2019 and March 2020, the government produced over 1500 pages of additional discovery.

        b)      Counsel for defendant desires additional time to review discovery, meet with the defendant, and conduct additional investigation.  The protective order in this case bars the defendant from possessing certain discovery.  As a result, defense counsel needs to meet with the defendant to go over certain discovery.  Defense counsel has been in the process of reviewing discovery and consulting with her client, but counsel wishes to be able to conduct additional in-person meetings with her client.  Defense counsel is also currently working on investigation and requires more time to complete that investigation.

        c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)      The government does not object to the continuance.

        e)      In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defense counsel wishes to meet in person with her client and conduct additional in-person investigation.  Counsel has been encouraged by the Federal Defender's Office and by

the proclamations of state and local government officials to minimize personal contact to the greatest extent possible.  Minimizing personal contact during the pandemic has been important to protect the health of counsel, the defendant, and the public, but it has delayed counsel's ability to conduct investigation and review certain discovery with the defendant.

f)       Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 3, 2020 to January 28, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  November 30, 2020                                    McGREGOR W. SCOTT
                                                            United States Attorney


                                                             /s/ MIRIAM R. HINMAN
                                                            MIRIAM R. HINMAN
                                                            Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

Dated:  November 30, 2020

/s/ HANNAH LABAREE
HANNAH LABAREE
Counsel for Defendant
Sherwana Lynn Marcus

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 1st day of December, 2020.

Troy L. Nunley
United States District Judge