1  McGREGOR W. SCOTT
   United States Attorney
2  MIRIAM R. HINMAN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00095 TLN

12                         Plaintiff,     **AMENDED** STIPULATION REGARDING
                                          EXCLUDABLE TIME PERIODS UNDER SPEEDY
13                       v.               TRIAL ACT; FINDINGS AND ORDER

14 SHERWANA LYNN MARCUS,                  DATE: December 3, 2020
                                          TIME: 9:30 a.m.
15                         Defendant.     COURT: Hon. Troy L. Nunley

16

17      This case is set for a status conference on December 3, 2020.  On April 17, 2020, this Court

18 issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled

19 to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date

20 after June 1.  On May 13, 2020, this Court issued General Order 618, which extends the restrictions of

21 General Order 617 and allows district judges to continue criminal matters until further notice.  These

22 and previous General Orders were entered to address public health concerns related to COVID-19.

23      Although the General Orders address the district-wide health concern, the Supreme Court has

24 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26 *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27 exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

28 at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

                                          1
STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

2    or in writing").

3         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

4    and inexcusable— General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

5    justice continuances are excludable only if "the judge granted such continuance on the basis of his

6    findings that the ends of justice served by taking such action outweigh the best interest of the public and

7    the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

8    unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

9    the ends of justice served by the granting of such continuance outweigh the best interests of the public

10   and the defendant in a speedy trial."  *Id.*

11        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

12   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

13   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

14   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

15   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

16   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

17   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

18   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

19   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20        In light of the societal context created by the foregoing, this Court should consider the following

21   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

22   justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

23   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

24   pretrial continuance must be "specifically limited in time").

25

26

27

28        [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1

**STIPULATION**

2          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

3     through defendant's counsel of record, hereby stipulate as follows:

4          1.       By previous order, this matter was set for status on December 3, 2020, and time was

5     excluded through that date.

6          2.       By this stipulation, defendant now moves to continue the status conference until January

7     28, 2021, at 9:30 a.m., and to exclude time between December 3, 2020, and January 28, 2021, under

8     Local Code T4.  (A previous version of this stipulation included a typographical error requesting the

9     continuance to January 28, 2020.)

10         3.       The parties agree and stipulate, and request that the Court find the following:

11              a)       On August 23, 2019, the government produced over 13,000 pages of discovery to

12         defense counsel, after entry of the parties' stipulated protective order on August 9, 2019.

13         Between September 2019 and March 2020, the government produced over 1500 pages of

14         additional discovery.

15              b)       Counsel for defendant desires additional time to review discovery, meet with the

16         defendant, and conduct additional investigation.  The protective order in this case bars the

17         defendant from possessing certain discovery.  As a result, defense counsel needs to meet with the

18         defendant to go over certain discovery.  Defense counsel has been in the process of reviewing

19         discovery and consulting with her client, but counsel wishes to be able to conduct additional in-

20         person meetings with her client.  Defense counsel is also currently working on investigation and

21         requires more time to complete that investigation.

22              c)       Counsel for defendant believes that failure to grant the above-requested

23         continuance would deny him/her the reasonable time necessary for effective preparation, taking

24         into account the exercise of due diligence.

25              d)       The government does not object to the continuance.

26              e)       In addition to the public health concerns cited by General Order 617, and

27         presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

28         this case because defense counsel wishes to meet in person with her client and conduct additional

1  in-person investigation.  Counsel has been encouraged by the Federal Defender's Office and by

2  the proclamations of state and local government officials to minimize personal contact to the

3  greatest extent possible.  Minimizing personal contact during the pandemic has been important to

4  protect the health of counsel, the defendant, and the public, but it has delayed counsel's ability to

5  conduct investigation and review certain discovery with the defendant.

6       f)    Based on the above-stated findings, the ends of justice served by continuing the

7  case as requested outweigh the interest of the public and the defendant in a trial within the

8  original date prescribed by the Speedy Trial Act.

9       g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

10  et seq., within which trial must commence, the time period of December 3, 2020 to January 28,

11  2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

12  T4] because it results from a continuance granted by the Court at defendant's request on the basis

13  of the Court's finding that the ends of justice served by taking such action outweigh the best

14  interest of the public and the defendant in a speedy trial.

15      4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

16  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

17  must commence.

18      IT IS SO STIPULATED.

20  Dated:  December 1, 2020         MCGREGOR W. SCOTT
21           United States Attorney

23         /s/ MIRIAM R. HINMAN
       MIRIAM R. HINMAN
24         Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1

2

3    Dated:  December 1, 2020                              /s/ HANNAH LABAREE
                                                            HANNAH LABAREE
4                                                           Counsel for Defendant
                                                            Sherwana Lynn Marcus
5

6

7                              **FINDINGS AND ORDER**

8          IT IS SO FOUND AND ORDERED this 1st day of December, 2020.

9

10

11                                                         _____
                                                            Troy L. Nunley
12                                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                  5
PERIODS UNDER SPEEDY TRIAL ACT