1 McGREGOR W. SCOTT
United States Attorney
2 MIRIAM R. HINMAN
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5

6 Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,            | CASE NO.  2:19-CR-00095 TLN
12 |                          Plaintiff,  | STIPULATION REGARDING EXCLUDABLE
   |                                       | TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |                v.                     | FINDINGS AND ORDER
14 | SHERWANA LYNN MARCUS,                 | DATE: January 28, 2021
   |                                       | TIME: 9:30 a.m.
15 |                          Defendant.   | COURT: Hon. Troy L. Nunley

16

17         This case is set for a status conference on January 28, 2021.  On April 17, 2020, this Court issued

18 General Order 617, which suspends all jury trials in the Eastern District of California scheduled to

19 commence before June 15, 2020, and allows district judges to continue all criminal matters to a date

20 after June 1.  On May 13, 2020, this Court issued General Order 618, which extends the restrictions of

21 General Order 617 and allows district judges to continue criminal matters until further notice.  These

22 and previous General Orders were entered to address public health concerns related to COVID-19.

23         Although the General Orders address the district-wide health concern, the Supreme Court has

24 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26 *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27 exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

28 at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable— General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status on January 28, 2021, and time was

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    excluded through that date.

2        2.      By this stipulation, defendant now moves to continue the status conference until August

3    19, 2021, at 9:30 a.m., and to exclude time between January 28, 2021, and August 19, 2021, under Local

4    Code T4.

5        3.      The parties agree and stipulate, and request that the Court find the following:

6            a)      On August 23, 2019, the government produced over 13,000 pages of discovery to

7    defense counsel, after entry of the parties' stipulated protective order on August 9, 2019.

8    Between September 2019 and March 2020, the government produced over 1500 pages of

9    additional discovery.

10           b)      Counsel for defendant desires additional time to review discovery, meet with the

11   defendant, and conduct additional investigation.  The protective order in this case bars the

12   defendant from possessing certain discovery.  As a result, defense counsel needs to meet with the

13   defendant to go over certain discovery.  Defense counsel has been in the process of reviewing

14   discovery and consulting with her client, but counsel wishes to be able to conduct additional in-

15   person meetings with her client.  Defense counsel informs the government that because of the

16   coronavirus pandemic, which has been ongoing since mid-March 2020, the discovery review

17   process continues to be delayed due to constraints on in-person meetings and the resulting

18   challenges surrounding full review of the discovery with the defendant, especially the protected

19   discovery.  Defense counsel is also currently working on investigation and requires more time to

20   complete that investigation.  Defense counsel informs the government that defense investigation

21   has been severely stymied because of the pandemic and the constraints on in-person meetings in

22   particular.

23           c)      Counsel for defendant believes that failure to grant the above-requested

24   continuance would deny him/her the reasonable time necessary for effective preparation, taking

25   into account the exercise of due diligence.

26           d)      The government does not object to the continuance.

27           e)      In light of the public health concerns cited by General Order 617, and presented

28   by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case

STIPULATION REGARDING EXCLUDABLE TIME                3
PERIODS UNDER SPEEDY TRIAL ACT

1    because defense counsel wishes to meet in person with her client and conduct additional in-

2    person investigation.  Counsel has been encouraged by the Federal Defender's Office and by the

3    proclamations of state and local government officials to minimize personal contact to the greatest

4    extent possible.  Minimizing personal contact during the pandemic has been important to protect

5    the health of counsel, the defendant, and the public, but it has delayed counsel's ability to

6    conduct investigation and review certain discovery with the defendant.

7             f)      Based on the above-stated findings, the ends of justice served by continuing the

8    case as requested outweigh the interest of the public and the defendant in a trial within the

9    original date prescribed by the Speedy Trial Act.

10            g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11   et seq., within which trial must commence, the time period of January 28, 2021 to August 19,

12   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

13   T4] because it results from a continuance granted by the Court at defendant's request on the basis

14   of the Court's finding that the ends of justice served by taking such action outweigh the best

15   interest of the public and the defendant in a speedy trial.

16        4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

17   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

18   must commence.

19        IT IS SO STIPULATED.

20

21

22   Dated:  January 26, 2021                           McGREGOR W. SCOTT
                                                        United States Attorney
23

24                                                       /s/ MIRIAM R. HINMAN
                                                        MIRIAM R. HINMAN
25                                                      Assistant United States Attorney

26

27

28

Dated:  January 26, 2021                              /s/ HANNAH LABAREE
                                                       HANNAH LABAREE
                                                       Counsel for Defendant
                                                       Sherwana Lynn Marcus

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 26th day of January, 2021.

Troy L. Nunley
United States District Judge